# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**DARRYL ORRIN BAKER**                                                                **PLAINTIFF**

**V.**                                                   **CIVIL ACTION NO. 1:19-cv-789-KS-RHW**

**WALMART STORES, INC.**                                                              **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This cause came before the Court on the following motions:

1) Motion to Dismiss [5] filed by Defendant, Walmart Stores, Inc., to which Plaintiff responded [7], but Defendant elected not to reply.

2) Plaintiff's Motion to File a Second Amended Complaint [10][1], to which Defendant responded in opposition [12]; and

3) Defendant's Second Motion to Dismiss [11], to which Plaintiff has not responded.

Having reviewed the parties' submissions and the relevant legal authority and otherwise being fully advised in the premises, the Court finds the initial Motion to Dismiss [5] will be denied as moot; Plaintiff's Motion to File a Second Amended Complaint [10] will be granted in part; and Defendant's Second Motion to Dismiss [11] will be granted in part.

---

[1] This case was reassigned to the undersigned on 12/17/19. *See* Doc. No. [9]. Plaintiff filed two previous Motions for Leave to File Second Amended Complaint [2][6], which U.S. District Judge Louis Guirola, Jr. denied for technical reasons and noted that the only properly filed complaint is the first docket entry; thus, the proposed amended pleading before the Court for consideration would technically be a First Amended Complaint. *See* Doc. No. [8]. The Court will refer to it herein as simply as the "Amended Complaint."

## I. BACKGROUND

### A. Original Complaint and Motion to Dismiss

The Court finds that the original Complaint was severely lacking in factual allegations, which was, in part, the basis for Defendant's first Motion to Dismiss. Plaintiff now seeks leave to file an amended pleading with significantly more factual content. The Court thus finds that the initial Motion to Dismiss [5] will be denied as moot. The relevant inquiry now is whether the amended pleading should be allowed.

### B. First Amended Complaint [10-1]

The allegations of the Amended Complaint set forth in more detail the factual bases for the claims. [10-1] at p. 2. In the Amended Complaint Plaintiff states he was on a road trip to Mississippi and noticed that his tires were not performing well. He was informed at a Firestone on Keesler Air Force Base that he needed four new tires on his 2010 Buick Lacrosse, but Firestone did not have them. Two days later, Plaintiff went to Walmart in Gulfport, wanting the purchase four new tires. Walmart employees pulled Plaintiff's car into the bay for service and dismounted his tires. In so doing, the employees broke the rims. Plaintiff requested that the employees repair and replace the rims, and the employees and managers refused, calling the Plaintiff "discriminatory racial names and slurs and harassed and intimidated and threaten[ed] the Plaintiff." *Id.* Plaintiff continued to request service and was denied service and was told to get off Walmart property. After Plaintiff was denied service and denied the repair and replacement of the rims, Plaintiff left approximately eight hours after his arrival with his two children and niece. Plaintiff had to drive for two days and 359 miles on a donut and defective tire

because there was nowhere to get the tires replaced and car serviced until he got to Memphis and purchased a tire at a junkyard. *Id.*

Attached to the Amended Complaint are a Walmart receipt for two tires, a Walmart Auto Care Center Service Order, photographs and video, as well as affidavits from Plaintiff and Brook Lue. [10-2, 3, 4, 5, 6, 7, 8]. Plaintiff alleges violations of Title VII (Counts 2, 14) and Section 1981 (Counts 8, 14, 15), along with claims of negligence (Counts 1, 3 (premises liability), 4 (failure to warn), 5, 6, 9, 10, 12, 17, 19); intentional infliction of emotional distress (Counts 7, 13); fraud (Count 16); civil conspiracy under 42 U.S.C. § 1985 (Count 11); and a claim under the Bane Act, Calif. Civ. Code § 52.1 (Count 20).

## II. DISCUSSION

### A. Legal Standards

Unless otherwise provided by statute, federal court jurisdiction requires: (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 18 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties, and the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Federal courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The Court must liberally construe pleadings filed by pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

#### 1. Legal Standard for Motions to Dismiss

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus.,*

*Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F. 3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Phillips v. City of Dallas, Tex.*, 781 F. 3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F. 3d 757, 762 (5th Cir. 2011).

### 2. Legal Standard for Leave to File an Amended Complaint

The Fifth Circuit examines five considerations to determine whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Absent any of these factors, the leave sought should

be "freely given." *Foman*, 371 U.S. at 182. "A district court may deny a proposed amendment for futility-meaning the amended complaint would fail to state a claim upon which relief could be granted." *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) (citing *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000)).

### B. Analysis

Looking at the considerations for leave to amend, the Court first notes that there have been no previous requests to amend. There appears to be no undue delay or bad faith involved. The case is in its infancy, as an Answer has yet to be filed, so there would be no prejudice to the Defendant. It appears that Defendant's main objection is that the amendment will be futile due to the lack of subject matter jurisdiction. Accordingly, the Court will begin by determining whether there is federal question jurisdiction.

Again, one way of establishing federal court jurisdiction is a federal question arising under the Constitution, a federal law, or a treaty. Plaintiff has alleged Title VII (Counts 2, 14) and Section 1981 (Counts 8, 14, 15) and civil conspiracy under 42 U.S.C. § 1985 (Count 11). The Court will first address Title VII and Section 1985.

#### 1. Title VII

Title VII provides, in pertinent part, that:

> It shall be unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge an individual, or otherwise to discriminate against any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin . . . .

42 U.S.C. §2000e-2(a). For a plaintiff to bring an action under Title VII, the plaintiff must have an employment relationship with the defendant. *See Foley v. Univ. of Houston Sys.*, 355 F.3d

333, 340 n.8 (5th Cir. 2003) ("Title VII is available only against an employer."). A plain reading of the statute above itself makes such requirement clear. Accordingly, to maintain a Title VII action, the plaintiff must be an employee. In this case, there are simply no allegations that there is, or ever was, any employer/employee relationship between the Plaintiff and the Defendant. This is not an employment discrimination case, as the allegations make clear that it involves a transaction between a retailer and a customer. As such, Plaintiff fails to state a claim under Title VII.

### 2. Section 1985

Plaintiff also attempts to establish federal question jurisdiction by alleging a civil conspiracy under 42 U.S.C. § 1985. Section 1985(3) of the Civil Rights Act of 1964 provides a civil remedy for conspiracies to interfere with constitutionally or federally protected rights when motivated by "invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102-103 (1971). To establish such a claim, a plaintiff must show: (1) a conspiracy; (2) an act in furtherance of the conspiracy; (3) an intent to deprive any person of the equal protection of, or equal privileges and immunities under, the law; and (4) a resulting injury to a legal right or privilege. *See Great Am. Fed. Sav'g & Loan Assoc. v. Novotny*, 442 U.S. 366, 373 (1979) (quoting *Griffin,* 403 U.S. at 102).

Here, the existence of a conspiracy in fact is missing. Plaintiff alleges that "the Defendants conspired together and created a civil conspiracy . . . when they engaged and prohibited the Plaintiff from receiving repairs from the broken rims and refused service and discriminated against Plaintiff." [10-1] at p. 18. However, the only Defendant in this case is Walmart. There is no other entity or institution with whom Walmart conspired. A corporation

cannot conspire with itself—nor can it conspire with its own employees, nor can its own employees, when acting within the scope of their employment, conspire among themselves. *See McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036-37 (11th Cir. 2000); *see also Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir. 1952) (explaining that a corporation cannot conspire with itself). Therefore, Plaintiff fails to state a claim for civil conspiracy under Section 1985.

### 3. Section 1981

Section 1981 prohibits discrimination on the basis of race in the making and enforcement of contracts. *See* 42 U.S.C. § 1981. In a commercial context, in order to establish a prima facie case under § 1981, the plaintiff must show that (1) he or she is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute. *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997) (quotations and citation omitted). Defendant states that in the retail context, a plaintiff must allege the loss of an actual, not speculative or prospective, contract. [11] at p. 4 (citing *Arguello v. Conoco, Inc.*, 330 F.3d 355, 358 (5th Cir. 2003)). Defendant also asserts that a plaintiff must show that he was actually prevented, and not merely deterred from making a purchase or receiving service after attempting to do so. [11] at p. 5 (citing *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 751 (5th Cir. 2001)). The Court agrees with those statements of the law. Defendant then argues that Plaintiff's Section 1981 claim is unsupported by any facts and must be dismissed with prejudice. However, the Court disagrees.

Defendant argues that in this case Plaintiff alleges he went to Walmart to have four tires replaced but left with a doughnut and a defective tire, implying that two tires were repaired

satisfactorily. Thus, Defendant contends that Plaintiff received service, and because he was not prevented from receiving service, Plaintiff fails to set forth facts necessary to establish a Section 1981 claim. However, it is not that simple. The Court finds this case is distinguishable from both the *Arguello* and the *Morris* cases cited by Defendant. The question on appeal in *Morris* was whether Dillard's, in banning a suspected shoplifter from the store, caused the loss of an actual contract interest. 277 F.3d at 751-52. The Fifth Circuit held that the possibility of interference with future or prospective contracts was insufficient to state a claim under § 1981. *Id*. at 752. In *Arguello*, a customer abandoned an already completed transaction after a gas station employee shouted obscenities and made racially derogatory remarks at the customer. 330 F.3d at 357. Since plaintiff chose to abandon an already completed purchase, the court held that she could not establish interference with a contract interest. *Id.* at 359.

This case does not concern future contracts or a completed purchase that was voluntarily abandoned. Here, Plaintiff alleges that Walmart thwarted his ability to contract for the sale of four tires by intentionally failing to carry out their performance of the contract, i.e., repairing damage during the provision of services, because of his race. Congress modified Section 1981 with the Civil Rights Act of 1991. Section 101 of the Civil Rights Act of 1991, 105 Stat. 1072, provides that "the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Rivers v. Roadway Exp., Inc*., 511 U.S. 298, 314-15 (1994).

Plaintiff avers in his affidavit that he is African-American, and construing his pro se allegations in the Amended Complaint broadly, he alleges that he desired to purchase four tires,

but in the process of performing the service the Walmart employees damaged his rims. He requested that the rims be repaired and the entire purchase completed, but Defendant refused to repair the rims and install the other two tires. When he requested such service, due to his race, he was subjected to threats and violence and racial slurs and then told to leave the property after almost eight hours of attempting to complete his entire purchase. Again, construing the allegations liberally, it is because he was refused service during the performance of the contract that he was only able to purchase two of the tires. Based on these allegations, the Court cannot say with certainty that the transaction was successfully completed and cannot say at this juncture that there was not discrimination concerning one or more of the activities enumerated in Section 1981. Accordingly, the Court finds, construing the allegations as true and in the light most favorable to Plaintiff, that Plaintiff has sufficiently stated a claim under Section 1981.

Therefore, the Court finds that Plaintiff has established sufficient federal question jurisdiction and Plaintiff's amending his pleading would not be futile. Because the Defendant's sole argument for dismissal was based upon a lack of subject matter jurisdiction, and because Defendant has not raised grounds upon which to dismiss any state law claims, the Court will not address those causes of actions.[2] The Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367(a).

## III. CONCLUSION

Based on the foregoing, it is hereby ORDERED Defendant's Motion to Dismiss [5] is denied as moot. Plaintiff's Motion to File a Second Amended Complaint [10] is granted. Plaintiff's Amended Complaint [10-1] is deemed filed as of the date of this Order. Defendant's

---

[2] The Court does, however, find that California law is not applicable to the subject transaction, and thus, Plaintiff's claim under The Bane Act, California Civil Code Section 52.1, will be dismissed with prejudice.

Second Motion to Dismiss [11] is denied based on lack of subject matter jurisdiction but granted in part in so far as Plaintiff's Title VII claims (Counts 2, 14) are dismissed with prejudice; Plaintiff's civil conspiracy under 42 U.S.C. § 1985 (Count 11) is dismissed with prejudice; and Plaintiff's claim for violation of the Bane Act, Calif. Civ. Code § 52.1 (Count 20) is dismissed with prejudice.  All other claims contained in Plaintiff's Amended Complaint remain pending.

SO ORDERED AND ADJUDGED this 27th day of April 2020.

/s/ Keith Starrett_____
KEITH STARRETT
UNITED STATES DISTRICT JUDGE